IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **Victor S. Pacheco**<br>*Plaintiff*<br><br>v.<br><br>**Xavier Becerra, Secretary**<br>**U.S. Department of Health and Human Services a/k/a FDA**<br>*Defendant* | CIVIL ACTION<br>Case No. **3:23-cv-1279**<br>**TITLE VII** (EMPLOYMENT)<br>**CIVIL RIGHTS ACT OF 1964**<br>• **GENDER DISCRIMINATION**<br>• **RETALIATORY TERMINATION**<br>*Demand for Jury Trial* |

## COMPLAINT

### I.   INTRODUCTION

1.   Plaintiff *Victor S. Pacheco*, brings this *civil action* pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. to remedy acts of discrimination and retaliation perpetrated against him by defendant. Plaintiff contends that U.S. Food and Drug Administration ("US FDA") officials discriminated against him based on his *gender* and asserts defendant *retaliated* against him for engaging in protected EEO activity. Further plaintiff asserts defendant created a *hostile working environment,* by selectively and deliberately discriminating against him on the basis of his *gender*, in violation of Title VII of the Civil Rights Act of 1964.

2.   Defendant unlawfully retaliated against him through his wrongful termination of employment effective September 15, 2022, *after* he engaged in protected activity (HHS-FDAORASE-051-22). Plaintiff asserts defendant's justification for his wrongful termination is a *pretext* for *retaliation*.

3.   The defendant violated Victor Pacheco's rights under federal law protecting workers from discrimination because of *gender*. He was selectively prosecuted and terminated from his federal employment as a *Chemist* with a pretextual excuse, with baseless fabricated allegations to exclude him from workplace, while similarly situated females were treated more

1

favorably by defendant. Defendant further violated plaintiff's rights by taking retaliatory action for exercising legal rights, including opposing unlawful workplace practices, with termination. Plaintiff seeks reinstatement, back pay and benefits, compensatory damages, and attorney fees.

## II.   JURISDICTION

4.   This Honorable Court has original jurisdiction over Plaintiff's federal claims set forth in this complaint pursuant to 28 U.S.C. §1331 (federal question), and pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-16. Venue properly lies before this Court under 28 U.S.C. §1391(b) and 42 U.S.C. Section 2000e-5(f) (3), as plaintiff was employed by defendant to provide service in Puerto Rico. The plaintiff is a resident of the Commonwealth of Puerto Rico and acts and/or omissions giving rise to Plaintiff's claim occurred in this district. A substantial part of events giving rise to this suit arose on the premises of defendant, located in Puerto Rico.  Accordingly, under 29 U.S.C. §1391 (b) (2), proper venue is this judicial district.

5.   Prior to filing this lawsuit, plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC"), where he notified defendant and indicated discrimination based on *gender*. The charge placed defendant on notice of his claim under federal employment discrimination statute:  Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-16.  The charge explained he was issued a notice of proposed removal from federal service by Laboratory Director Marisol Faberlle (female) on April 27, 2022, involuntarily placed on administrative leave and later subjected to effective wrongful termination of employment on September 15, 2022. Plaintiff's immediate Supervisor Marisol Faberlle treated plaintiff differently that similarly situated female employees, made derogatory comments towards male employees, and similarly situated female employee *Joan Cantellops* was treated more favorably. She was not subjected to adverse action. Plaintiff's subsequent termination of employment was *retaliation* for his complaint about FDA's unlawful conduct. He received a Notice of *Final Agency Decision*.

Accordingly, he exhausted administrative remedies pursuant to 42 U.S.C. §2000e-5 and this Complaint is properly filed. Complaint is also properly filed pursuant to 29 CFR §1614.310.

### III.   PARTIES

7. Plaintiff *Victor S. Pacheco* ("plaintiff") is a citizen of San Juan, Puerto Rico and at all relevant times was employed by the United States Food & Drug Administration, ascribed to defendant the *U.S. Department of Health and Human Services*, in Puerto Rico. He identifies as a *male* and worked as *Chemist* (GS-1320 12), for US Food & Drug Administration's San Juan Laboratory, until his wrongful termination of employment. He resides in this judicial District.

8. Defendant is the *U.S. Department of Health and Human Services*. The U.S. Food & Drug Administration is an agency within the Department of Health and Human Services, whose Secretary is *Xavier Becerra* ("defendant"). He is sued as the head of the U.S. Department of Health and Human Services. Defendant operates facilities within the judicial District of Puerto Rico. Plaintiff's immediate supervisor and responsible official is *Marisol Faberlle*, Director of Science. She is responsible for discriminatory acts against the plaintiff. Defendant is sued in its representative capacity, of US Department of Health and Human Services employees. Plaintiff *Victor S. Pacheco* was wrongfully terminated from employment *after* he had filed his EEO case (HHS-FDAORASE-051-22) for *gender* discrimination against Marisol Faberlle, for creating a hostile work environment, subjecting him to disparate treatment and also engaging in retaliation. Defendants Headquarters Mailing Address is U.S. Department of Health and Human Services, Hubert H. Humphrey Building, 200 Independence Ave. S.W., Washington, D.C. 20201

9. Defendant U.S. Department of Justice is included to comply with Procedural Rules, with regards to service of process of a lawsuit filed against the United States Government, its Agencies and/or federal officials. U.S. Department of Justice Attorney General, Loretta E.

Lynch, is a codefendant in her official capacity. Her mailing address is U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001.

10. Defendants are employees, agents, and/or supervisory personnel of the US FDA and were, at all times material to this complaint, acting in the course and scope of employment. Defendants participated in and/or directed the unlawful violations alleged herein or knew of the violations and failed to act or prevent them. At all times relevant to this complaint, Defendants all acted under color of federal law and acted in the course and scope of their employment. All individual Defendants are jointly liable for monetary damages alleged herein.

### IV.   FACTUAL ALLEGATIONS

15. Plaintiff *Victor S. Pacheco* is a long-time federal employee of the U.S. Food & Drug Administration, an agency of the U.S. Department of Health and Human Services. He identifies as a *male* and worked as *Chemists* (GS-1320 12), in defendant's San Juan Laboratory. While working under direct supervision of *Marisol Faberlle*, Director of Science, the plaintiff experienced various forms of prohibited discrimination at work, including gender discrimination, selective prosecution because of his gender, disparate treatment, a hostile work environment and eventually was subjected to unlawful retaliatory termination of employment.

16. After initial contact with OEEO on May 13, 2022, on June 27, 2022, plaintiff filed an Individual Formal Complaint of Employment Discrimination, with Agency Case No. HHS-FDAORASE-051-22) where he alleged *gender* (sex) based discrimination and *retaliation*. Among the unlawful conduct indicated by plaintiff was non-sexual harassment, disciplinary action and termination of employment.

17. Plaintiff alleged that on April 27, 2022, he was issued *notice of proposed removal* from federal service, by immediate supervisor and female Laboratory Director Marisol Faberlle.

18. Plaintiff further alleged similarly situated female employee Joan Cantellops, was treated more favorably and was not issued a notice of proposed removal.

19. While defendant used a baseless charge, unsupported by evidence, including Joan Cantellops own testimony during interview, to support unjustified notice of proposed removal.

20. Plaintiff alleged, defendant subjected him to gender discrimination, with a single baseless allegation of misconduct, for a non-work-related event, and notice of proposed removal was based solely on Marisol Faberlle's *own* subjective criteria, because of his gender (male).

21. The alleged incident supposedly used to justify the notice of removal from service, was related to an event that occurred on May 5, 2021, approximately one-year earlier. On May 5, 2021, the plaintiff was having dinner at a restaurant while off duty, and supposedly engage in conduct unbecoming of a federal employee. The alleged incident amongst fellow employees occurred off-duty, outside working hour, off work premises, where supposedly female employee Joan Cantellops alleged immediate supervisor Adalberto Cajigas supposedly engaged in non-consensual conduct. At no time, did Joan Cantellops alleged or testified that the plaintiff Victor Pacheco had engaged in such conduct. While multiple witnesses testified Joan Cantellops that evening was possibly intoxicated because of excess alcohol consumption and was seen physically attempting to incite or seduce the plaintiff in a public place. At no time was any restraining order ever issued, nor criminal charges were ever brought against the plaintiff. While Joan Cantellops physically assaulted the plaintiff biting him and reaching for his intimate parts. All while in the presence of fellow employees, while off duty. Joan Cantellops never alleged to her employer plaintiff engaged in any kind of misconduct, nor ever alleged she had any previous incidents or reservations with regards to plaintiff, with respect to the workplace.

22. On May 5, 2021, female coworker Joan Cantellops began grabbing the plaintiff by his penis area, biting his arm and raising her dress displaying her underwear, while crossing

her legs over plaintiff's legs, in a public restaurant in front of fellow coworkers and restaurant employees. Multiple coworkers gave written statements to employer, confirming said behavior. Female supervisor and Laboratory Director Marisol Faberlle was aware of eyewitness accounts. Marisol Faberlle was aware of the unbecoming conduct publicly exhibited by Joan Cantellops, because she read the eyewitness written testimony provided by OIA, in which fellow coworkers Miguel Martinez and Adalberto Cajigas, confirmed she engaged in said unbecoming behavior.

23. Defendant selectively choose to prosecute and terminate the plaintiff, for fabricated basless allegations, based on subjective criteria and opinion of Marisol Faberlle, absent any evidence of misconduct off-work by the plaintiff. At no time did Joan Cantellops testify to the effect of plaintiff misconduct or conduct unbecoming a federal employee, with respect to the alleged May 5, 2021, incident. As a matter of fact, plaintiff and female employee Joan Cantellops continued to work for defendant for a approximately a year, after said event, without any work-related incidents of misconduct, or complaints from Cantellops about plaintiff.

24. Female coworker and similarly situated Joan Cantellops-Figueroa, also a Chemist, was treated more favorably by defendant, specifically by her female Laboratory Director Marisol Faberlle. Who did not issue a similar notice of proposed removal/termination to Cantellops, despite her public display of intoxication, in the presence of fellow employees, and unwelcome physical contact with the plaintiff, in a public setting. Clearly conduct unbecoming of a federal employee, for which solely the plaintiff was unjustly punished, while involved female was not.

25. Plaintiff had asked notice of proposed removal be removed, with employment record expunged. He asked to be reinstated and/or transferred to Southeast Regional Laboratory in Atlanta, Georgia.

26. On Friday, June 17, 2022, plaintiff Victor Pacheco sent an email to Laboratory Director (immediate supervisor) Marisol Faberlle, requesting to be immediately reinstated from

involuntary administrative leave (Marisol Faberlle placed Victor on leave against his will). He asked to report back to work, however Marisol Faberlle failed to reinstate him back to work.

27. On September 15, 2022, the plaintiff was wrongfully terminated from his Chemist position by his employer, as a federal employee.

28. The Plaintiff comes before this Court to seek only what is deemed to be fair and just, thru reasonable compensation for damages as a result of employer's willful discrimination and his deprivation of meaningful employment with the U.S. Food & Drug Administration.

V.   CAUSES OF ACTIONS

COUNT I: GENDER DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §2000e. et seq.

(Hostile Work Environment, disparate treatment and Gender Discrimination)

29. Plaintiff re-alleges and incorporates by reference all the preceding paragraphs and allegations contained in the previous paragraphs as if fully set forth herein at length.

30. The defendant's conduct as alleged at length herein constitutes discrimination based on *gender* in violation of Title VII. The stated reasons for defendant's conduct were not the true reasons, but instead were *pretext* to hide defendant's discriminatory *animus*.

31. Defendants conduct constitutes disparate treatment, *hostile working environment*, and *gender discrimination* which violates Title VII and Civil Rights Act of 1991, as amended.

32. In the present case, defendant's "legitimate non-retaliatory" reason for plaintiff's termination of employment, almost a year later, is a mere pretext for unlawful discrimination and subsequent retaliation. See *EEOC v. Louisiana Office of Community Servs.*, 43 F.3d. 1438, 1443 (5th. Cir. 1995) and *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1087 (5th. Cir. 1994).

33. Plaintiff suffered willful sex-based and/or gender discrimination in the workplace because he was treated unfavorably by the employer, because he was not a *woman*. As a result,

he was treated less favorably than his female counterparts, by a female supervisor. Severe adverse action was taken against him, selectively, and disproportionate to alleged offence, by his employer for a single alleged incident outside of the workplace, completely unrelated to his employment. While the female US FDA employee also involved, was not similarly disciplined and/or terminated. The employer knowingly allowed plaintiff's ongoing selective prosecution by a female US FDA supervisor to take place, creating a hostile work environment, which resulted in an adverse employment decision. With baseless subjective unsubstantiated allegations.

34. Adverse action, including issuance of a notice of proposed removal from federal employment on April 27, 2022, was based upon and directed at plaintiff, by reason of his *gender*.

35. Defendant failed to adequately supervise US FDA Director Marisol Faberlle, to discipline and/or otherwise penalize her misconduct. Defendant also failed to take any corrective action against Marisol Faberlle, as a result of plaintiff's initial EEO complaint to his employer.

36. Defendant discriminated against plaintiff as a *male* employee, because female employees were treated more favorably by *female* Director Marisol Faberlee, they were either not discipline at all, given lighter or progressive discipline, and never subjected to termination.

37. Similarly situated *female* employee Joan Cantellops, was treated more favorably, and was not issued a notice of proposed removal by *female* supervisor, Laboratory Director Marisol Faberlle, on April 27, 2022. Marisol Faberlle often made public derogatory comments about men, in presence of fellow employees, and plaintiff suffered disparate treatment by FDA.

38. Plaintiff was treated differently that similarly situated female employees.  He was subjected to *disparate treatment* and a *hostile working environment* because of his gender, while similarly situated female employees were not selectively prosecuted by defendant and Director Marisol Faberlle, despite engaging in conduct unbecoming a federal employee and/or violation of agency code of conduct/employee regulation.

39.     In the present case, the plaintiff will proffer evidence that he reported workplace harassment and gender discrimination, *before* his employer wrongly terminated his employment for a non-work-related conduct outside of the workplace.  Plaintiff will proffer evidence as well, that the employer took severe adverse action against him, without affording him any progressive discipline.  Further, defendant's female Director Marisol Faberlle retaliated against plaintiff for having opposed unlawful work misconduct and engaging in protected activity.  Showing with *preponderance of evidence* a causal relationship between participation in protected activity and adverse employment action.

## COUNT II: UNLAWFUL RETALIATION/WRONGFUL TERMINATION

40.     Plaintiff re-alleges and incorporates by reference all the preceding paragraphs and allegations contained in the previous paragraphs as if fully set forth herein at length.

41.     Defendant's conduct as alleged herein constitutes retaliation because the plaintiff had engaged in activities protected by Title VII.  The stated reason for defendant's conduct was not the true reason, but instead a *pretext* to hide defendant's retaliatory *animus*.

42.     The Court will find that US FDA unlawfully retaliated against plaintiff by unjustly subjecting him to selective prosecution with baseless *allegations* solely because he was a male, and later reported the aforementioned gender discrimination. Defendant had no basis to terminate his employment, while treating female employees more lenient. Each said act of retaliation is in violation of Title VII of the Civil Rights Act of 1964.  Evidence will show that female US FDA employees who engaged in conduct unbecoming a federal employee, were not similarly disciplined nor were terminated from federal employment with the US FDA.

43.     Defendant's conduct constitutes a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000 et seq.  Title VII prohibits employers from discriminating against an employee on the basis of his gender and prohibits retaliation against an employee who asserts his

9

rights under the law. Title VII also prohibits workplace disciplinary practices that may have a *disproportionate* impact on a protected group of people, including *males*. Defendant's conduct violates statutory prohibition of employment retaliation. 29 USCA §215 (a) (3).

44. Courts have consistently held that a defendant is liable for retaliation against a plaintiff for filing an EEOC charge, regardless of the validity or reasonableness of the charge. *Wyatt v. Boston*, 35 F.3d 13,15 (1st Cir. 1994) To permit an employer to retaliate against a charging party based on its unilateral determination that charge was unreasonable or unjustified would also chill the rights of all individuals protected by the anti-discrimination statutes.

45. In the present case, the Court will find that plaintiff engaged in protected activity by initiating a complaint to US FDA about gender discrimination and workplace harassment by a female supervisor, *prior* to the employer initiating his selective prosecution for termination. Shortly after plaintiff filed the EEOC charge to report unlawful gender discrimination, his employer's supervisors selectively *chose* to wrongfully terminate his employment.

46. In the present case, the plaintiff will prove required elements of her claim: (1) He opposed employer's gender discrimination and participated in covered proceedings (protected activity), (2) he was subsequently fired, and (3) there is a relationship between the extreme measure taken by his employer. Plaintiff will proffer both direct and circumstantial evidence to show that his employer's reason for termination is a pretext to hide retaliatory *animus*.

47. In this case the plaintiff will establish that his protected activity was a but-for cause of the adverse action by the employer. In plaintiff's particular case the employer failed to follow any progressive disciplinary process required, prior to engaging in plaintiff's retaliatory termination of employment for a single occurrence of alleged conduct unbecoming a federal employee, for conduct unrelated to work nor occurred in the workplace. Plaintiff's supervisors most likely would not have taken the action to terminate his employment afterwards "in the

absence of" the plaintiff's protected activity and/or gender. Plaintiff's filing of EEOC complaint charging employer with gender discrimination was a motivating factor for subsequent adverse employment action. See *University of Texas Southwestern Medical Center v. Nassar*, 1133 S. Ct. 2517 (2013) and *Burlington N. & Santa Fe Rwy v. White*, 548 U.S. 53 (2006)

48.  Title VII's purpose is to protect employees from an employer's unlawful actions. The Court will find that prohibited retaliation is not limited to discriminatory actions affecting the terms and conditions of employment but can also include an action that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination."  See *Burlington N. & S. F. R. Co. v. White*, 548 U.S. 52 (2006).  In the present case, the Court will find that US FDA's Director of Science unlawful selective prosecution of the plaintiff, because of his gender, and subsequent retaliatory termination for reporting gender discrimination, could dissuade a reasonable worker from engaging in protected activity, if the worker knew that would result in termination of employment.

## COUNT III: VIOLATION OF THE CIVIL RIGHT ACT OF 1991
## and Wrongful Termination (29 CFR §1614.310) of federal Employment

49.  Plaintiff re-alleges and incorporates by reference all the preceding paragraphs and allegations contained in the previous paragraphs as if fully set forth herein at length.

50.  The Civil Right Act of 1991 provides for compensatory and punitive damages in disparate treatment Title VII claims where the employer engages in "unlawful intentional discrimination" prohibited under section 703, 704, or 717 of the Act.  42 U.S.C. §1981a (a) (1). Taken as a whole, plaintiff's evidence will suffice to support a finding that defendant acted with reckless disregard to plaintiff's rights and engaged in violations of the Civil Right Act of 1991.

51.  Plaintiff further alleges wrongful termination of his federal employment, and files this complaint in this Federal District Court, pursuant to 29 CFR §1614.310.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Honorable Court declares that Defendant's conduct was illegal and in violation of legal statutes herein identified, and that it grants Plaintiff the following remedies:

A. That this Honorable Court issues a Declaratory Judgment declaring that Defendant's actions and/or omissions violate applicable law.
B. That this Honorable Court award Plaintiff reinstatement, back pay, all loss benefits, front pay and other equitable relief.
C. That this Honorable Court enjoins Defendant from engaging in additional discrimination and retaliation against Plaintiff.
D. That this Honorable Court award compensatory and general damages in the amount of $1,000,000.00 against Defendants, for the Plaintiff, or an amount to be determined according to proof during the trial, as a remedy for the mental and emotional distress and discomfort that Plaintiff suffered, as provided by the law and statutes of the United States.
E. That this Honorable Court award Plaintiff his costs, expenses, and attorney's fees.
F. Pre-judgment interest; and
G. Any other relief this Court deems equitable, just and appropriate.

## VII. JURY DEMAND

Plaintiff respectfully requests a jury trial on all issues triable to a jury.

In San Juan, Puerto Rico, on this 30th. day of May 2023.

Respectfully submitted,

/S/ Humberto Cobo-Estrella
Humberto Cobo-Estrella, Esq.
USDC-PR230108
PO Box 366451
San Juan, Puerto Rico 00936-6451
Tel. (787) 529-7140
Email: hcobo@hcounsel.com

/S/ Winston Vidal-Gambaro
Winston Vidal-Gambaro
USDC-PR 130401
PO Box 193673
San Juan, Puerto Rico 00919-3673
Tel. (787) 751-286
Email: wvidal@prtc.net
wvidal.law@qmail.com

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                    /S/ Humberto Cobo-Estrella, Esq.
                                                        *Attorney for the Plaintiff*